**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In the Matter of the Complaint** ) | |
| ) | |
| **of** ) | **Civil Action No.:** |
| ) | **IN ADMIRALTY** |
| **MASSACHUSETTS BAY TRANSPORTATION** ) | |
| **AUTHORITY, as Owner of the M/V ABIGAIL** ) | |
| **ADAMS (O.N. 1129770), Her Engines, Machinery,** ) | |
| **Tackle, Apparel, Appurtenances, etc., for Exoneration** ) | |
| **From, or Limitation of, Liability, Civil and Maritime,** ) | |
| ) | |
| **Petitioner.** ) | |
| ) | |

**COMPLAINT UNDER 46 U.S.C. § 30501 _et seq._**

NOW COMES Petitioner Massachusetts Bay Transportation Authority ("MBTA") as owner under 46 U.S.C. § 30501, by and through its undersigned attorneys, Eckland & Blando LLP, and hereby respectfully brings this Complaint seeking exoneration from, or limitation of, liability, pursuant to 46 U.S.C. § 30501, _et seq._ and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and in support thereof avers, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules").

2.      Venue is proper in this District in accordance with Supplemental Rule F(9).

3.    At all times material hereto, the MBTA was and still is a public agency of the Commonwealth of Massachusetts, with a principal office at 10 Park Plaza, Boston, Massachusetts 02116.

4.    At all times material hereto, the MBTA was the owner of the M/V ABIGAIL ADAMS f/k/a the M/V MICKEY MURPHY[1] bearing Official No. 1129770, her engines, machinery, tackle, apparel, appurtenances, etc. (the "Vessel"), within the meaning of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

5.    At all times material hereto, as alleged by Mr. Ronald Weinberg, the MBTA was an owner of the Vessel within the meaning of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

6.    On or about May 22, 2025 at approximately 1505 hours, the Vessel departed Logan Airport en route to the New England Aquarium arriving at or around 1516 hours that same day (the "Voyage").

7.    During the Voyage, Mr. Ronald Weinberg served as a part-time deckhand and member of the Vessel's crew.

8.    During the Voyage, the Vessel was carrying one passenger and three crew, including a Captain and two deckhands, including Mr. Ronald Weinberg.

9.    While the Vessel was attempting to dock at the conclusion of the Voyage, Mr. Weinberg's right leg allegedly became entangled in a mooring line and was pulled through the starboard bow chock (the "Incident").

10.    Immediately following the Incident, personnel associated with vessel operations responded and rendered aid to Mr. Weinberg.

---

[1] The Vessel was named the M/V MICKEY MURPHY at the time of the incident and, upon information and belief, was renamed the M/V ABIGAIL ADAMS post-incident but retained the same Official Number.

11. After the Incident, Mr. Weinberg was transported directly from the Vessel, which was docked at the New England Aquarium, to Massachusetts General Hospital.

12. As a result of this Incident, Mr. Weinberg alleges he suffered injuries including "a below the knee amputation of his right leg…"

13. During the Voyage and all times material hereto, the Vessel was a seagoing Vessel, the Vessel was not carrying more than six passengers, and the Vessel was not a submersible vessel.

14. At all times material hereto, Petitioner used due diligence to make the Vessel seaworthy in all respects. Prior to the commencement of the Voyage, the Vessel was tight, staunch, strong, properly manned, equipped, and supplied, and in all respects seaworthy for the Voyage and service in which she was engaged.

15. The Incident was not caused by or contributed to by any negligence or fault on the part of the Petitioner or for those for whom Petitioner is responsible, and Petitioner denies any such loss, damage, or injury was done, occasioned by, or occurred with any privity or knowledge of Petitioner.

16. The Vessel's fair market value at the time of the Incident and at the conclusion of the Voyage was USD $965,000.00. The pending freight at the time of the Incident and at the conclusion of the Voyage was $6.50, reflecting the fare actually earned for the transportation of the single passenger from Logan Airport to the New England Aquarium aboard the Vessel.

17. Upon information and belief, on or about October 14, 2025, counsel for Mr. Weinberg sent a "Presentment of Claims Under M.G.L. c. 258, Section for Ronald Weinberg," which the MBTA received on October 22, 2025.

18. This Complaint is timely because it is filed within six (6) months of the MBTA's receipt of written notice of claim in connection with the Incident, including the October 14, 2025 presentment received by the MBTA on October 22, 2025.

19. This Complaint is filed pursuant to Rule F(1) of the Supplemental Rules.

20. Petitioner, owner under 46 U.S.C. § 30501 of the Vessel, claims exoneration from liability for any losses, damages, injuries, or death caused, done, occasioned, incurred, or arising out of the Voyage or during the relevant voyage, and for any and all claims therefor.

21. If, however, it is found that the Petitioner is liable for any such damages, which is specifically denied, the Petitioner alternatively claims the benefit of limitation of liability, as provided by the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, Supplemental Rule F, and the various statutes supplementary thereto and amendatory thereof.

22. The aforesaid allegations, which are true and correct, are brought within the admiralty and maritime jurisdiction of this Honorable Court.

**WHEREFORE**, the Petitioner, Massachusetts Bay Transportation Authority, prays:

1. This Honorable Court issue a Notice to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation, directing them to file their respective claims with the Clerk of the Court and to serve on the attorneys for Petitioner a copy thereof on or before the date to be named in the Notice;

2. This Honorable Court issue a Notice to all persons desiring to contest either the right to exoneration from or the right to limitation of liability, directing he/she/it shall file and serve on the Petitioner's attorneys an answer to the Complaint on or before said date, unless his/her/its claim has included an answer so designated;

4

3.      This Honorable Court issue an Order restraining, staying, and enjoining the prosecution of any and all actions, suits, or proceedings already commenced and enjoining the commencement or prosecution hereafter of any and all actions, suits, or proceedings, of any nature or description against the Petitioner or concerning the Incident or Voyage, or any other property of Petitioner to recover damages for, or in respect of, any loss, damage, or injury caused or resulting from the aforesaid Incident or Voyage, or done, occasioned or incurred on the aforesaid Voyage;

4.      This Honorable Court adjudges that Petitioner is not liable to any extent for any loss, damage, or injury for any claim therefore in any way resulting from, done, occasioned or incurred, as a result of the Voyage or Incident, or during the aforesaid Voyage;

5.      If Petitioner is adjudged liable, as owner of the Vessel, then this Honorable Court adjudge that any such liability for all claims shall be limited to USD $965,006.50, value of the Petitioner's interest in the Vessel and pending freight at the conclusion of the Voyage, and that judgment be entered discharging Petitioner from all further liability; and

6.      Petitioner shall have such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

Petitioner, Massachusetts Bay Transportation Authority

By its attorney,

ECKLAND & BLANDO LLP

/S/SAMUEL P. BLATCHLEY
Samuel P. Blatchley (BBO#670232)
sblatchley@ecklandblando.com
555 Pleasant Street, Unit 2C
New Bedford, MA 02740
(617) 217-6936

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/SAMUEL P. BLATCHLEY
Samuel P. Blatchley (BBO# 670232)