**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In the Matter of the Complaint**  ) | |
| ) | |
| **of**                               ) | **1:26-cv-11716-JEK** |
| ) | **IN ADMIRALTY** |
| **MASSACHUSETTS BAY TRANSPORTATION** ) | |
| **AUTHORITY, as Owner Under 46 U.S.C. § 30501** ) | |
| **of the M/V ABIGAIL ADAMS (O.N. 1129770),** ) | |
| **Her Engines, Machinery, Tackle, Apparel,** ) | |
| **Appurtenances, etc., for Exoneration From, or** ) | |
| **Limitation of, Liability, Civil and Maritime,** ) | |
| ) | |
| **Petitioner.** ) | |

### ANSWER TO CLAIMANT RONALD WEINBERG'S CLAIM AGAINST PETITIONER MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

NOW COMES the Petitioner, Massachusetts Bay Transportation Authority (the "Petitioner"), in the above captioned matter, by and through its undersigned counsel, Eckland & Blando LLP, and respectfully submits its Answer to Claimant Ronald Weinberg's Claim ("Claimant") [Docket No. 7] as follows:

### General Factual Allegations

1. The allegations in Paragraph 1 of Claimant's Claim are denied for lack of sufficient information to support a belief therein.

2. Petitioner admits that it is a public entity of the Commonwealth of Massachusetts with a principal office at 10 Park Plaza, Boston, Massachusetts. Any remaining allegations in Paragraph 2 of Claimant's Claim are denied.

3. The allegations in Paragraph 3 of Claimant's Claim are denied.

4. The allegations in Paragraph 4 of Claimant's Claim are denied for lack of sufficient information to support a belief therein.

5.      Petitioner admits that, on or about May 22, 2025, it owned the M/V MICKEY MURPHY. Any remaining allegations in Paragraph 5 of Claimant's Claim are denied.

6.      The allegations in Paragraph 6 contain legal conclusions which do not require a response from Petitioner. To the extent a response is required, the allegations of Paragraph 6 of Claimant's Claim are denied.

7.      The allegations in Paragraph 7 of Claimant's Claim are denied

8.      The allegations in Paragraph 8 of Claimant's Claim are denied.

9.      The allegations of Paragraph 9 of Claimant's Claim contain legal conclusions and statements of law which do not require a response from Petitioner. To the extent a response is required, the allegations in Paragraph 9 of Claimant's Claim are denied.

10.     Petitioner admits only that the Claimant Ronald Weinberg sustained personal injuries. The remaining allegations of Paragraph 10 of Claimant's Claim contain legal conclusions and statements of law which do not require a response from Petitioner. To the extent a response is required, any remaining allegations in Paragraph 10 of Claimant's Claim are denied.

11.     The allegations of Paragraph 11 of Claimant's Claim contain legal conclusions and statements of law which do not require a response from Petitioner. To the extent a response is required, the allegations in Paragraph 11 of Claimant's Claim are denied.

12.     Petitioner admits only that Claimant sent correspondence to the MBTA regarding Claimant's Claim. Any remaining allegations of Paragraph 12 of Claimant's Claim contain legal conclusions and statements of law which do not require a response from Petitioner. To the extent a response is required, any remaining allegations in Paragraph 12 of Claimant's Claim are denied.

13.     The allegations in Paragraph 13 of Claimant's Claim contain legal conclusions and statements of law which do not require a response from Petitioner. To the extent a response is

required, the allegations in Paragraph 13 of Claimant's Claim are denied.

## Jurisdiction

14.     The allegations in Paragraph 14 of Claimant's Claim contain jurisdictional statements and statements of law which do not require a response from Petitioner. To the extent a response is required, the allegations in Paragraph 14 of Claimant's Claim are denied.

## COUNT I
### Ronald Weinberg v. Massachusetts Bay Transportation Authority
### (JONES ACT NEGLIGENCE)

15.     Petitioner reaffirms and reiterates all of its Answers contained in Paragraphs 1 through 14 above, inclusive, and incorporates the same by reference herein.

16.     Petitioner denies the allegations of Paragraph 16, including subparagraphs a, b, c, d, e, f, g, and h.

17.     The allegations in Paragraph 17 of Claimant's Claim are denied.

18.     The allegations in Paragraph 18 of Claimant's Claim contain legal conclusions and statements of law, which do not require a response from Petitioner. To the extent a response is required, the allegations in Paragraph 18 of Claimant's Claim are denied.

WHEREFORE, Petitioner, Massachusetts Bay Transportation Authority, prays that Count I of the Claimant's Claim be dismissed together with costs and attorneys' fees.

## COUNT II
### Ronald Weinberg v. Massachusetts Bay Transportation Authority
### (GENERAL MARITIME LAW – UNSEAWORTHINESS)

19.     Petitioner reaffirms and reiterates all of its Answers contained in Paragraphs 1 through 18 above, inclusive, and incorporates the same by reference herein.

20.     Petitioner denies the allegations of Paragraph 20, including subparagraphs a, b, and c.

21.     The allegations in Paragraph 21 of Claimant's Claim are denied.

22.     The allegations in Paragraph 22 of Claimant's Claim contain legal conclusions and statements of law, which do not require a response from Petitioner. To the extent a response is required, the allegations in Paragraph 22 of Claimant's Claim are denied.

WHEREFORE, Petitioner Massachusetts Bay Transportation Authority prays that Count II of the Claimant's Claim be dismissed together with costs and attorneys' fees.

## COUNT III
### Ronald Weinberg v. Massachusetts Bay Transportation Authority
### (GENERAL MARITIME LAW – MAINTENANCE AND CURE)

23.     Petitioner reaffirms and reiterates all of its Answers contained in Paragraphs 1 through 22 above, inclusive, and incorporates the same by reference herein.

24.     The allegations in Paragraph 24 of Claimant's Claim are denied.

WHEREFORE, Petitioner, Massachusetts Bay Transportation Authority, prays that Count III of the Claimant's Claim be dismissed together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

NOW COMES, the Petitioner Massachusetts Bay Transportation Authority, and incorporates the following Affirmative Defenses into each and every cause of action contained in its Answer to the Claimant's Claim as follows:

1.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that the causes of action contained in Claimant's Claim fail to state causes of action under Fed. R. Civ. P. 12(b)(6).

2.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that the causes of action contained in Claimant's Claim in Counts I and III fail to state causes of action under Fed. R. Civ. P. 12(b)(6) as Petitioner was never

Claimant's employer and Claimant was not a seaman or member of the crew of any vessel owned, operated, or controlled by Petitioner.

3.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that the cause of action contained in Claimant's Claim in Count II fails to state a cause of action under Fed. R. Civ. P. 12(b)(6) as Claimant has not identified any unseaworthy condition prior to the Vessel being provided to the operating entity.

4.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that Claimant's claims, to the extent they are subject to the Massachusetts Tort Claims Act, M.G.L. c. 258, are barred, in whole or in part, by Claimant's failure to make proper and timely presentment of such claims in strict compliance with M.G.L. c. 258, § 4, including, without limitation, failure to present the claims asserted in Claimant's Claim to the proper executive officer of the Petitioner and failure to identify adequately the factual and legal bases of the claims asserted.

5.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that to the extent Claimant's claims are subject to M.G.L. c. 258, any recovery by Claimant is limited to the amount set forth in M.G.L. c. 258, § 2, and Claimant may not recover prejudgment interest, punitive damages, or exemplary damages against Petitioner, a public employer.

6.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that Claimant's claims are barred, in whole or in part, by the immunities and exclusions set forth in M.G.L. c. 258, § 10, including, without limitation, § 10(b) (discretionary functions) and § 10(j) (acts or failures to act to prevent or diminish harm not originally caused by the public employer).

7.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that Claimant's claims are barred, in whole or in part, by the doctrine of sovereign immunity, to the extent such immunity has not been waived.

8.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, Petitioner states that Claimant's Claim is barred by virtue of the doctrine of estoppel and/or the doctrine of waiver.

9.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, Petitioner states that Claimant's Claim is barred under the doctrine of Superseding or Intervening Cause.

10.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, Petitioner states that Claimant's Claim is barred under the doctrine of laches, the Statute of Limitations, and/or the Statute of Repose.

11.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, it was due in whole or in part to Claimant's own negligence and failure to exercise the degree of care, skill, and knowledge legally required of him and reasonably to be expected of an individual of Claimant's experience and not due to any negligence or fault on the part of Petitioner or any persons for whom Petitioner may be legally responsible.

12.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is

6

specifically denied, it was due to the action and/or omissions of individuals for whom Petitioner is not legally responsible.

13.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, such injuries were caused by an open and obvious condition for which Petitioner is not legally responsible.

14.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, said damages were sustained as a result of an Act of God, for which Petitioner is not legally responsible.

15.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, the Claimant carelessly and negligently conducted himself and that he, by his own negligence, contributed directly and proximately to his own alleged injuries and damages, and accordingly, the Claimant's claims are barred, in whole or in part by the doctrine of comparative negligence. In the alternative, Petitioner is entitled to a set off in proportion to the Claimant's negligence or fault.

16.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured as alleged, which is specifically denied, Claimant's alleged injuries are wholly unrelated to, and were not caused by any act or omission by Petitioner.

17.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is

specifically denied, any recovery by Claimant is barred or should be reduced as the Claimant failed to mitigate any alleged injuries or damages.

18.    AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, Claimant's alleged injuries pre-existed any alleged incident.

19.    AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, it acted reasonably and in good faith, and with due care for the rights and safety of Claimant.

20.    AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, under the doctrines of contribution and indemnification, persons or entities other than Petitioner are wholly or partially responsible for whatever damages, if any, are alleged in Claimant's Claim.

21.    AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of Petitioner, and Petitioner is entitled to an exoneration and/or limitation of its liability under the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501–30530, which is adjudicated by this Honorable Court and not by a jury.

22.    AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is

specifically denied, said alleged damage was the result of an unavoidable accident for which the Petitioner is not legally responsible.

23.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, Petitioner states that Claimant's alleged damages were the result of an unforeseeable intervening cause for which Petitioner was not responsible and thus the Claimant's Claim should be dismissed.

24.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, Petitioner states that Claimant has failed to join indispensable parties under Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19.

25.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that the Claimant's Jury Demand and statement that he "DEMANDS A TRIAL BY JURY" should be considered a nullity and properly stricken as the Petitioner invoked this Honorable Court's Admiralty and Maritime Jurisdiction.

26.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioner states that if Claimant was injured in the manner alleged, which is specifically denied, Petitioner states that it hereby gives notice that it intends to rely upon other such defenses as may become available or apparent during the course of discovery and/or as may be asserted by other parties to litigation arising out of the alleged incident, and it thus reserves the right to amend its Answer and Affirmative Defenses to assert such defenses.

WHEREFORE, Petitioner prays that Claimant Ronald Weinberg's Claims and the relief sought therein be dismissed with prejudice, together with costs and attorney's fees, and judgment

be entered in favor of the Petitioner, finding it entitled to Exoneration and/or Limitation of Liability under 46 U.S.C. §§ 30501–30530.

Respectfully submitted,

Petitioner, Massachusetts Bay Transportation Authority

By its attorney,

ECKLAND & BLANDO LLP


/S/SAMUEL P. BLATCHLEY
Samuel P. Blatchley (BBO#670232)
sblatchley@ecklandblando.com
555 Pleasant Street, Unit 2C
New Bedford, MA 02740
(617) 217-6936

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I electronically filed the within document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/S/SAMUEL P. BLATCHLEY
Samuel P. Blatchley (BBO# 670232)